IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MONWELL DWIGHT BOOTH,<br><br>Defendant. | CR 19–27–BLG–DLC<br><br><br><br>ORDER |

Before the Court is the Government's Motion Requesting Court to Issue Final Order of Forfeiture. (Doc. 66.) For the following reasons, the motion is denied without prejudice.

## BACKGROUND

Booth was charged as a prohibited person in possession of a firearm under 18 U.S.C. § 922(g)(1) and the indictment contained a forfeiture allegation under 18 U.S.C. § 924(d). (Doc. 1.) On June 13, 2019, Booth pleaded guilty to count I as charged. (Docs. 34, 35.) On October 30, 2019, the Court sentenced Booth to 36 months custody and 3 years of supervised release. (Doc. 52.) Although no preliminary order of forfeiture had been entered at that time, the Government represented that it would pursue forfeiture in the future. (Doc. 47.) Then, over four months later, on March 10, 2020, the Government moved for entry of a

1

preliminary order of forfeiture.  (Doc. 59.)  The Court granted the motion the following day.  (Doc. 60.)

Meanwhile, Booth appealed the Court's denial of his motion to suppress.  (Doc. 61.)  After the Ninth Circuit affirmed the Court, Booth pursued his appeal before the U.S. Supreme Court which denied him a writ of certiorari.  (Doc. 65.)

Now, almost a year since the Court entered its preliminary order of forfeiture, the Government moves the Court for a final order of forfeiture.  (Doc. 66.)

## DISCUSSION

The Government is permitted to pursue criminal forfeiture by statute and the Federal Rules of Criminal Procedure.  21 U.S.C. § 853; Fed. R. Crim. P. 32.2.  As pertinent here, the Government is entitled to pursue the property of "any person convicted of violating [a crime] . . . punishable by imprisonment for more than one year" when such property was "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such [crime]."  21 U.S.C. § 853(a)(2).  The Criminal Rules instruct the Government to initiate forfeiture proceedings "[a]s soon as practical . . . after a plea of guilty is accepted."  Fed. R. Crim. P. 32.2(b)(1)(A).  The purpose of doing so is to allow the parties to "suggest revisions or modifications" of the preliminary order of forfeiture "sufficiently in

advance of sentencing" in the event of a mistake or disagreement. *See* Fed. R. Crim. P. 32.2(b)(2)(B).

"As its name implies, however, the preliminary order of forfeiture is not the last step in the forfeiture process." *United States v. Bennett*, 423 F.3d 271, 275 (3d Cir. 2005). By statute and rule, a court is required to finalize forfeiture at the time of sentencing. 21 U.S.C. § 853(a); Fed. R. Crim. P. 32.2(b)(3). If a sentencing court fails to order forfeiture before sentencing or in its judgment, the general rule is that the sentencing court loses jurisdiction over the matter. *Bennett*, 423 F.3d at 275 (collecting cases).

Here, the Government did not move for a preliminary order of forfeiture "as soon as practical" after the Court's acceptance of Booth's guilty plea. Fed. R. Crim. P. 32.2(b)(1)(A). The Government waited over seven months. (Doc. 58.) And while the Court likely erred in granting that motion, the Government's subsequent motion for final order of forfeiture—close to a year later—would seem to violate the purpose of the Criminal Rules to allow the parties to correct any errors as it pertains to forfeiture well in advance of sentencing. The Government does not address the dilatory nature of its motion, nor does it explain on what authority the Court may enter forfeiture close to a year and a half after it sentenced the Defendant. Accordingly, the Court will deny the Government's motion without prejudice.

If the Government believes it is entitled to forfeiture, it must address in its next motion: (1) whether the Court erred by entering its preliminary order of forfeiture; (2) whether the Court has jurisdiction to enter a final order of forfeiture now; and (3) assuming jurisdiction is proper, whether the Court *should* order forfeiture in the interests of fairness.

IT IS ORDERED that the Government's Motion (Doc. 66) is DENIED without prejudice.

DATED this 15th day of March, 2021.

_____
Dana L. Christensen, District Judge
United States District Court